2020 IL App (2d) 191116-U
No. 2-19-1116
Order filed September 14, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KELLY W. BAKER, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-L-598 |
| | ) | |
| KEITH A. CLARK, | ) | Honorable |
| | ) | Robert W. Rohm, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BRIDGES delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Summary judgment for the landlord was proper in a tenant's suit for injuries caused by a fall on a cracked stair, where the crack was not a "structural" defect that the lease required the landlord to repair.

¶ 2    Plaintiff, Kelly W. Baker, sued defendant, Keith A. Clark, seeking damages for injuries he suffered when he fell on stairs at a house he rented from defendant. The trial court granted defendant summary judgment, holding that, as a landlord, he had no duty to maintain the house, as it was under the tenant's control. Plaintiff appeals, contending that defendant did have such a duty because the defect that caused his injuries was "structural," and that defendant should have anticipated that he would become distracted and fail to notice the defect. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The following facts are taken from the complaint and the parties' depositions. In 2015, plaintiff and his wife leased the house from defendant. In the lease, plaintiff acknowledged that he had inspected the premises and that they were in good repair. The lease further provided that the tenant would "keep the Premises in good and sanitary condition at Tenant's sole expense" during the lease term. However, the lease also provided that defendant "will be responsible for any structural or major maintenance and repairs."

¶ 5     The house had an exterior cement staircase leading to an entrance on the lower level. The stairway was physically connected to the foundation and had a handrail. The stairwell had a drain in the floor.

¶ 6     Before signing the lease, plaintiff and his wife inspected the premises. According to defendant, plaintiff raised no issues about the home's exterior. Plaintiff and his wife later complained about flooding in the basement. Defendant installed new drains and a sump pump to alleviate the problem. Plaintiff did not mention a crack in the stairs until long after the accident. According to defendant, the crack had been there "forever." Defendant relied on the tenants to inform him of problems with the house.

¶ 7     On June 14, 2017, during a storm, plaintiff noticed water collecting in the stairwell and went downstairs to try to unclog the drain. He moved a floor mat that was covering the drain. As he was walking back upstairs, his foot caught on the second stair, causing him to fall. Plaintiff testified that his foot caught in a crack on the stair.

¶ 8     The trial court granted defendant summary judgment, holding that defendant was under no duty to maintain the premises because plaintiff controlled them. Plaintiff timely appeals.

¶ 9                                    II. ANALYSIS

¶ 10    Plaintiff contends that the trial court improperly granted defendant summary judgment. The complaint alleged that defendant was negligent in maintaining the premises. Acknowledging the general rule that a landlord has no duty to maintain portions of leased premises under the tenant's control, plaintiff argues that an exception exists where the defect in the premises is considered "structural," and, more particularly, that the lease in this case required defendant to make "structural repairs." He further contends that another exception to the general rule exists where a property owner should reasonably anticipate that visitors to the property will become distracted and fail to notice an otherwise obvious condition.

¶ 11    Plaintiff appeals the trial court's grant of summary judgment. Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). Our review of a summary judgment ruling is *de novo*. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008).

¶ 12    To state a negligence claim, a plaintiff must establish that the defendant owed him or her a duty of care, that the defendant breached that duty, and that the breach resulted in an injury to the plaintiff. *Gilley v. Kiddel*, 372 Ill. App. 3d 271, 274-75 (2007). Generally, a landlord is not liable for injuries caused by a defective or dangerous condition on premises leased to a tenant and under the tenant's control. *Klitzka v. Hellios*, 348 Ill. App. 3d 594, 597 (2004). The rationale for this immunity is that the lease is a conveyance of a property that ends the lessor's control over it, which is a prerequisite to imposing tort liability. *Wright v. Mr. Quick, Inc.*, 109 Ill. 2d 236, 238 (1985). However, several exceptions to the rule exist. A landlord may be liable where (1) a latent defect exists at the time of the leasing that the landlord should know about, (2) the landlord fraudulently conceals a dangerous condition, (3) the defect causing the harm amounts to a nuisance, (4) a

specific provision of the lease requires the landlord to keep the premises in repair, (5) the landlord violates a statutory requirement of which a tenant is in the class designated to be protected by such requirement, or (6) the landlord voluntarily undertakes to render a service. *Gilley*, 372 Ill. App. 3d at 275.

¶ 13    Citing *Hardy v. Montgomery Ward & Co.*, 131 Ill. App. 2d 1038 (1971), plaintiff contends that defendant was contractually responsible for maintaining "structural" elements, and that the staircase, by virtue of being attached to the foundation, was such an element.

¶ 14    In *Hardy*, the plaintiff, a customer in the defendant's store, sued after she was injured when plaster from the ceiling fell on her. The defendant filed a third-party complaint against its landlord, alleging that the lease specifically obligated the tenant to make only "non-structural" repairs and, as the ceiling was a structural component, the landlord was obligated to maintain it. *Id.* at 1040. The court held that the plaster "was not part of the structure, it fell from the structure." *Id.* at 1042. As the defect was interior and nonstructural, it was the tenant's duty to make any necessary repairs. *Id. Hardy* listed building elements typically deemed structural, including " 'floors, joists, rafters, walls and partition studs, supporting columns, foundations.' " *Id.* (quoting Webster's Third New International Dictionary ___ (1968)). Nowhere are stairs mentioned. Plaintiff insists that the stairway in question was structural because it was attached to and part of the foundation.

¶ 15    Plaintiff cites no evidence or authority that the minor chip or crack in the stairs was a structural defect merely by virtue of the stairs being attached to the foundation. Virtually any part of a building is connected to the foundation to some extent so that holding that any element connected to the foundation is structural, and thus the landlord's responsibility, would swallow the rule of landlord nonliability.

¶ 16    This case is more similar to *Gilley*. There, after a guest at a residence fell on an interior staircase and sued the landlord, the trial and appellate courts applied the general rule that a landlord is not liable for injuries occurring on portions of the leased premises under the tenant's control. *Gilley*, 372 Ill. App. 3d at 275. The court noted that the lease, like the one here, required the tenant to maintain and repair the premises. *Id.* Thus, the stairway fell within the tenant's general duty to maintain the premises. Accordingly, the trial court properly held that the defendant had no duty to maintain the stairway.

¶ 17    Plaintiff contends that the instant case falls within still another exception to the rule of landlord nonliability. He cites another business-invitee case, *Ward v. K mart Corp.*, 136 Ill. 2d 132 (1990), for the proposition—"stairs may indeed be unreasonably dangerous if, under the circumstances of a particular case, the Defendant in the exercise of reasonable care should anticipate that the Plaintiff will fail to see them." *Id.* at 152.

¶ 18    *Ward*, like *Hardy*, involved a customer in a retail store and is, for that reason alone, distinguishable. A business owner owes its customers, who are business invitees, a duty to exercise " 'reasonable care under the circumstances regarding the state of the premises.' " *Ward*, 136 Ill. 2d at 141 (quoting Ill. Rev. Stat. 1987, ch. 80, ¶ 302). One exception to this general duty was that a landowner had no duty to remedy open and obvious conditions on its premises. *Id.* at 142-43. *Ward* modified this rule somewhat by imposing on a business owner a duty to remedy even an open and obvious condition if the owner could reasonably anticipate its customer would become distracted and fail to notice the condition or subsequently forget about it after noticing it. *Id.* at 151-53.

¶ 19    As noted, a landlord generally has no duty to maintain the premises. The most apparent reason for the distinction recognized in Ward is that a business, often a tenant itself, has possession

and control of the premises. It is thus reasonable to impose on it a duty to locate and remedy defects on the premises. It would be unreasonable to impose such a duty on a landlord, who is not present on the premises daily. Imposing on a landlord the duty to ascertain and repair such nonstructural defects as the cracked stair in this case would require the landlord to inspect the premises regularly, in violation of the tenants' right to quiet enjoyment.

¶ 20                              III. CONCLUSION

¶ 21     The judgment of the circuit court of Du Page County is affirmed.

¶ 22     Affirmed.